# IN THE COURT OF APPEALS OF IOWA

No. 18-1131
Filed December 5, 2018

**IN THE INTEREST OF M.C.,**
**Minor Child,**

**D.Z., Mother,**
     Appellant,

**N.C., Father,**
     Appellant.
_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District
Associate Judge.

A mother and father appeal the termination of their parental rights to their
minor child. **AFFIRMED ON BOTH APPEALS.**

Daniel M. Northfield, Urbandale, for appellant mother.

Amy K. Davis, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant
Attorney General, for appellee State.

Erin E. Mayfield of Youth Law Center, Des Moines, guardian ad litem for
minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VAITHESWARAN, Judge.**

A mother and father appeal the termination of their parental rights to their child, born in 2014.  Both parents argue termination is not in the child's best interests.  *See In re L.M.,* 904 N.W.2d 835, 840 (Iowa 2018).  On our de novo review, we disagree.

The department of human services removed the child from the parents' care following mutual domestic violence and parental use of methamphetamine.  The department issued two founded child-abuse reports determining both parents failed to properly supervise the child.  In one of the reports, the department also found the presence of illegal drugs in the child.  The child remained out of the parents' care throughout the proceedings, with the parents never progressing beyond supervised visits.

The State's petition to terminate parental rights proceeded to a lengthy hearing over multiple days.  Both parents essentially conceded the child could not be returned to their custody at the time of the hearing.  *See* Iowa Code § 232.116(1)(h) (2018).  The mother agreed she was using methamphetamine at the time of removal and she last used the drug a week before the hearing.  She further agreed the department offered substance-abuse treatment services, including intensive outpatient treatment and she was on the waiting list for inpatient treatment.  The father similarly testified "drug addiction" and "domestic violence" precipitated the child's removal, he was a drug addict, and his most recent drug of choice was methamphetamine.  Although he testified to a year of sobriety, a urine sample he provided was diluted and urine cleanser was found in his apartment.

The department social worker assigned to the case conceded the parents shared a strong bond with their child. But she reported neither had "gained the insight needed for [the child] to be safely returned to their care today" and they would not likely "be at a place of reunification within the next six months given the lack of follow through thus far."

We agree with the district court that termination is in the child's best interests.

**AFFIRMED ON BOTH APPEALS.**